In the Matter of the Estate of WILLIAM H. GRUEBY, Deceased.

Surrogate's Court, New York County, October 16, 1928.

*Goodale, Hanson & Hooker*, for the petitioners, executors.

O'BRIEN, S. The questions of construction presented in this accounting proceeding are determined as follows:

1. The power of appointment given to the trustee to designate the institution which should take the remainder of the trust funds was clearly a personal power to be exercised by the individual named as trustee. The will indicates testator's preference that the funds " shall go to Dartmouth College, if at the time of payment of the fund that institution shall have a course in ceramics, but I leave it entirely to the discretion of my trustee hereinafter named to select such institution as to him shall seem advisable." It clearly appears from a reading of such language that the power of appointment was not intended to be exercised by a successor trustee, but rather by the trustee named in paragraph " third " of the will.

2. It is further clear from such language that the power was to be exercised only " at the time of payment of the funds," namely, on the death of the widow or on the death of testator's sister without leaving issue.

3. In view of the foregoing determinations, upon the resignation of the trustee (which will be accepted in this proceeding), the power of appointment passes, as contended, to the Supreme Court. Such a devolution, in addition to fulfilling all legal requirements, will have the practical advantage of permitting a postponement of the selection, and allow the trustee, who requests permission to resign because of his age and pressure of other business, to do so.

Submit decree on notice construing the will and settling the account accordingly.